IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH EDDIE TILLMAN, #R40962, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-01125-JPG |
| | ) |
| MICHAEL ATCHISON, | ) |
| RICHARD HARRINGTON, | ) |
| MAJOR HASEMEYER, | ) |
| and BARBARA MUELLER, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Joseph Tillman, who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff's claims arise from the conditions of his confinement at Menard, as well as the violation of his due process rights that resulted in his placement in segregation (Doc. 1, pp. 6-9). Plaintiff now sues several Menard officials, including Michael Atchison (former warden), Richard Harrington (current warden), Major Hasemeyer (unit major), and Barbara Mueller (counselor), for retaliation and deprivation of his Eighth and Fourteenth Amendment rights. Plaintiff sues all of the defendants in their individual capacities for compensatory and punitive damages (Doc. 1, p. 10).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

1

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

**The Complaint**

According to the complaint, Plaintiff has long endured unconstitutional conditions of confinement in administrative segregation at Menard (Doc. 1, pp. 6-9). For the past eleven months, Plaintiff's cell has had no hot water (Doc. 1, p. 6). For seven of these months, the cell had no heat (i.e., from November 2012 until June 2013). Plaintiff has developed small spots on his body that cause itching and soreness. Menard's medical staff does not know the cause of Plaintiff's ailment. Plaintiff is required to stay in his cell around the clock, except during recreation time on Saturdays and Sundays when the prison is not on lockdown. Each of the defendants is aware of the conditions and has allowed them to persist (Doc. 1, p. 6).

Although Plaintiff's detention in segregation has been designated as "administrative," the complaint alleges that it is actually disciplinary (Doc. 1, p. 6). From November 1st until December 17th, 2012, Plaintiff was placed in administrative detention without any explanation. After forty-eight days there, Plaintiff received a disciplinary report from his former institution, Stateville Correctional Center. He was told that the disciplinary report formed the basis of his detention. Although the disciplinary report was later expunged, Plaintiff remained in segregation without a hearing or an explanation. He was stripped of all personal property (Doc. 1, p. 7). He was prohibited from leaving his cell, except for recreation on weekends (Doc. 1, p. 6). He lost all privileges.

Plaintiff alleges that his placement in segregation was retaliatory. He sued several Stateville and Menard officials, including Defendant Atchison. *See Tillman v. Edwards, et al.*,

No. 13-cv-2383 (N.D. Ill. March 29, 2013). Plaintiff claims that Stateville officials may have requested his placement in administrative segregation at Menard as a retaliatory "favor."

**Discussion**

After fully considering the allegations in the Complaint, the Court finds it convenient to divide the complaint into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:** Eighth Amendment claim for unconstitutional conditions of confinement.

**Count 2:** Fourteenth Amendment claim for denying Plaintiff a hearing on the disciplinary report that resulted in Plaintiff's placement in segregation.

**Count 3:** Retaliation claim.

**Count 1 – Conditions of Confinement**

After fully considering the allegations in the complaint, the Court finds that it states a cognizable Eighth Amendment claim for unconstitutional conditions of confinement (**Count 1**) against all of the defendants at this early stage. Accordingly, Plaintiff shall be allowed to proceed with Count 1 against Defendants Atchison, Harrington, Hasemeyer, and Mueller.

**Count 2 – Due Process**

Likewise, the allegations in the complaint articulate a colorable Fourteenth Amendment claim against defendants for denying plaintiff a hearing on the disciplinary report (**Count 2**) that resulted in his placement in segregation. Accordingly, Plaintiff shall be allowed to proceed with Count 2 against Defendants Atchison, Harrington, Hasemeyer, and Mueller.

### Count 3 – Retaliation

The complaint fails to state a retaliation claim (**Count 3**). As alleged, the complaint does not set forth a chronology of events which suggests any retaliatory conduct on the part of Defendants. The Seventh Circuit has explained this requirement as follows:

> [N]ot every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment. Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred. *Murphy v. Lane,* 833 F.2d 106, 108-09 (7th Cir. 1987) (holding that the plaintiff's complaint "set forth a chronology of events from which retaliatory animus on the part of defendants could arguably be inferred" sufficient to overcome a motion to dismiss). *See also Benson v. Cady,* 761 F.2d 335, 342 (7th Cir. 1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient"). Barring such a chronology, dismissal may be appropriate in cases alleging retaliatory discipline.

*Cain v. Lane,* 857 F.2d 1139, 1143 n.6 (7th Cir. 1988). According to the complaint, Plaintiff suspects that Stateville officials may have requested his placement in segregation at Menard in retaliation for the lawsuit Plaintiff filed against them. Setting his suspicions aside, Plaintiff's retaliation claim still fails. According to the allegations, Plaintiff was placed in segregation at Menard in November 2012. He filed the lawsuit that allegedly triggered retaliation nearly five months *later*. *See Tillman v. Edwards, et al.*, No. 13-cv-2383 (N.D. Ill. March 29, 2013). The chronology of events simply does not support his retaliation claim. Accordingly, Count 3 shall be dismissed against Defendants Atchison, Harrington, Hasemeyer, and Mueller.

### Pending Motions

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be referred to a United States Magistrate Judge for disposition.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**AS TO COUNTS 1** and **2**, the Clerk of Court shall prepare for **DEFENDANTS ATCHISON, HARRINGTON, HASEMEYER,** and **MUELLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: December 9, 2013**

                                        *s/ J. Phil Gilbert*
                                        **U.S. District Judge**